## Department of Banking Supervision Over Banking Affiliates

SAYLOR, Deputy Attorney General, October 24, 1934.—You ask to be advised respecting your powers of supervision over and regulation of corporations or persons affiliated with institutions under your supervision, as provided by the Department of Banking Code, the Banking Code, and the Federal Banking Act of 1933.

You have made several inquiries regarding the effect of various provisions of the Federal Banking Act of 1933 upon your powers and duties over institutions under your supervision, including those which are not members of the Federal Reserve System.

In complying with your request, we shall state first your inquiry and then our opinion thereon.

I. Do the definitions of "affiliate" and "holding company affiliate" in the Federal act become the definitions of affiliates for the purposes of section 402 of the Department of Banking Code and section 2 of the Banking Code?

Section 402 of the Department of Banking Code of May 15, 1933, P. L. 565, provides as follows:

"The Department of Banking shall have the power to supervise, regulate, limit, or prohibit the activities of corporations or persons affiliated with institutions to the same extent as such activities of corporations or persons affiliated with national banking associations, or with members of a Federal Reserve

Bank, are, or shall be, supervised, regulated, limited, or prohibited by general law, or by regulations issued by any Federal authority pursuant to law."

Section 2 of the Banking Code of May 15, 1933, P. L. 624, as amended by section 2 of the Act of January 2, 1934, P. L. 128, defines "affiliated corporations or persons" as

". . . such an affiliated corporation or person as is defined, by any Federal law or any regulation issued by any Federal authority pursuant to law, to be a corporation or person affiliated with a national banking association or a member of a Federal Reserve Bank or as a holding company affiliate."

The Federal Banking Act of June 16, 1933, c. 89, 48 Stat. at L. 162 (12 U.S.C. §221a et seq.), contains amendments to the Federal Reserve Act and the National Banking Act and additional provisions for the regulation of affiliates of National banks and State institutions which are members of the Federal Reserve System.

In general, section 2 of the Federal Banking Act of 1933 defines an "affiliate" as a corporation, business trust, association, or other similar organization more than 50 percent of the voting stock of which is owned by a banking institution which is a member of a Federal Reserve Bank, or the majority control of which is held by the shareholders of such member bank, or of which a majority of the directors or trustees have similar functions in a member bank.

It defines a "holding company affiliate" as such similar organization holding a majority interest in a member bank by stock ownership or control by trustees.

Section 402 of the Department of Banking Code refers to "corporations or persons affiliated with institutions" and to "corporations or persons affiliated with national banking associations, or with members of a Federal Reserve Bank". The section of the Federal Banking Act of 1933 referred to clearly describes such corporations or such persons as are associated in a business trust, association, or similar organization as "affiliates" or "holding company affiliates" of banks which are members of the Federal Reserve System.

In our opinion, section 402 applies to all corporations and persons which are defined in the Federal Banking Act of 1933 as "affiliates" or "holding company affiliates", for such affiliates are "supervised, regulated, limited, or prohibited by general law," namely, by act of Congress. Similarly, the phrase "affiliated corporation or person", wherever it appears in the Banking Code, includes such corporations and persons as are defined in the Federal Banking Act of 1933 as "affiliates" or "holding company affiliates", and are by that act regulated and supervised.

In short, whatever provisions of the Federal Banking Act of 1933 affect corporations or persons therein designated as "affiliates" or "holding company affiliates" of National banks, or of State banks which are members of the Federal Reserve System, are by virtue of section 402 read into the Department of Banking Code, and by the definition of section 2 of the Banking Code are read into that code wherever reference therein is made to affiliated corporations or persons.

II. Do the limitations on loans to affiliates imposed by the Federal Banking Act of 1933 supersede limitations imposed by the Banking Code?

Section 1006 of the Banking Code limits loans made by an institution under your supervision to one corporation or person to a maximum of 25 percent of the unimpaired capital and 25 percent of the unimpaired surplus of the institution. Exceptions provide that this restriction has no application to certain types of loans, with which we are not here concerned.

Section 13 of the Federal Banking Act of 1933, adding a new section 23(a) to the Federal Reserve Act, regulates transactions by Federal reserve member

banks with affiliates thereof. It prohibits a member bank from making loans or extending credit to an affiliate, and investing funds in and making advances secured by the capital stock or obligations of any affiliate, in excess of 10 percent of the capital stock and surplus of the member bank where one affiliate is concerned, and in excess of 20 percent of the capital stock and surplus in such transactions with more than one affiliate: 12 U.S.C. §371c.

Insofar as banks or bank and trust companies which are members of the Federal Reserve System are concerned, they, of course, without any action by your department, are bound by the provisions of section 13 of the Federal Banking Act.

Section 402 of the Department of Banking Code gives the department the power to supervise, regulate, limit, or prohibit the activities of affiliates. By virtue of that authority, you may enforce compliance with its terms by institutions under your supervision, even though they are not members of the Federal Reserve System, and you may likewise compel compliance by affiliates dealing with such institutions. But, so far as nonmember banks are concerned, you cannot prohibit their activities with third parties affecting affiliates, for example, the acceptance of stock holdings therein as collateral securing loans made to third parties by a nonmember bank. As to the acceptance of shares of capital in an affiliate as collateral, section 1008 of the Banking Code controls.

The Department of Banking Code relates to the powers and duties of your department and of you as secretary over banking institutions of this Commonwealth. Section 202 provides that the department "shall enforce and administer all laws of this Commonwealth which relate to any institution, and shall exercise such general supervision over institutions as will afford the greatest possible safety to depositors, other creditors, and shareholders thereof." The code gives you and your department power to apply, not only to their affiliates but to institutions themselves, all provisions of the code and of Federal banking laws respecting corporations or persons affiliated with banking institutions affected by those laws.

Therefore, the limitations imposed by the Federal act on loans to affiliates of institutions which are members of the Federal Reserve System supersede those imposed by the Banking Code, insofar as members of the Federal Reserve System are concerned. As to nonmember banks, you may by official order promulgate the provisions of section 13 of the Federal Banking Act of 1933, insofar as relations directly between the nonmember bank and its affiliates are concerned. However, as to the power of nonmember banks to lend to third persons or corporations and accept as collateral shares of stock in an affiliate of the nonmember bank, the provisions of section 1008 of the Banking Code control.

III. May a holding company affiliate vote shares of stock of an institution without entering into an agreement as provided by the Federal Banking Act of 1933, and if so, in what manner may the institution be required to withhold dividends on its shares owned by a nonagreeing affiliate?

Section 19 of the Federal Banking Act of 1933 prohibits a holding company affiliate from voting the shares of an institution owned or held by it, unless it receives a voting permit from the Federal Reserve Board. Such a permit is obtained only when the holding company affiliate agrees to submit itself, and in some instances its subsidiaries, to examination by duly authorized examiners and agrees to the filing and publication of reports of condition, etc. Violation of the agreement subjects the affiliate to the penalty of having its permit revoked, in the event of which revocation the Federal Reserve Board may proceed to forfeit the charter, in the case of a National bank. Section 5(c) of the

Federal Banking Act of 1933 requires a State member bank to obtain a similar permit from holding company affiliates or surrender membership in the Federal Reserve System.

So far as State institutions which are members of the Federal Reserve System are concerned, permits will be issued by the Federal Reserve Board. The Department of Banking may require that the member bank secure a permit issued by the department, or it may accept the permit of the Federal Reserve Board in lieu of its own permit.

In the case of nonmember banks, the Department of Banking may likewise, of course, require that they secure permits of the department, as it holds in this respect a position analagous to that of the Federal Reserve Board.

If a holding company affiliate of a State institution does not enter into such an agreement, as required by section 19 of the Federal Banking Act of 1933, or violates the terms of such agreement, you may prohibit it from voting its stock in an institution under your supervision, and you may issue an order requiring the institution whose shares of stock are involved to withhold dividends on such shares owned by a noncomplying holding company affiliate. If the institution refuses to comply with your order, you may proceed against it in the manner provided by article v of the Department of Banking Code for violation of orders of the department, as hereinafter referred to.

IV. May you impose the penalties prescribed by the Federal Banking Act of 1933 upon institutions failing to divorce securities affiliates?

Section 20 of the Federal Banking Act of 1933 provides that after 1 year from the date of its enactment, which was June 16, 1933, no member bank shall be affiliated in any manner described in section 2(b) of the act with any corporation, association, business trust, or other similar organization engaged principally in the issue, underwriting, distribution, sale, etc., of securities. Section 20 further provides a penalty not exceeding $1,000 per day to be assessed by the Federal Reserve Board against a member bank violating this section. If the violation continues for 6 months after the member bank is warned to discontinue it, forfeiture of the rights and privileges of membership in the Federal Reserve System may be declared: 12 U.S.C. §377.

Institutions under your supervision, which are members of the Federal Reserve System, are subject to the prohibitions of section 20.

Nonmember banks are not subject to these provisions. However, by virtue of section 402, you have authority to subject them to the same requirements. You may order such institutions to divorce themselves forthwith from affiliates engaged in the securities business. If they violate such order, you do not have the power to impose the penalties prescribed by the Federal act. Section 402 of the Department of Banking Code does not give you authority to impose penalties provided by Federal legislation. However, you may proceed against the institution under the provisions of article v of the Department of Banking Code for violation of the department's order.

V. May you require an institution, in computing its loans to a corporation not affiliated with it, to include therein obligations of subsidiaries in which such corporation owns or controls a majority interest, even though the institution is not a member of the Federal Reserve System?

Section 26 of the Federal Banking Act of 1933 amends the first paragraph of section 5200 of the Revised Statutes, by adding at the end thereof the following: ". . . and shall include in the case of obligations of a corporation all obligations of all subsidiaries thereof in which such corporation owns or controls a majority interest." (12 U.S.C. §84).

The section to which this provision is an amendment limits loans to any cor-

poration or person to 10 percent of the combined unimpaired capital and surplus of the institution. Section 1006 of the Banking Code establishes the limit of loans to one corporation or person as 25 percent of the unimpaired capital and surplus.

The provisions of section 26 of the Banking Act of 1933 apply to institutions under your supervision which are members of the Federal Reserve System. They do not apply to nonmember institutions because a subsidiary in which a corporation not affiliated with an institution owns or controls a majority interest is not, under the definitions of section 2(b) of the Federal Banking Act of 1933, an affiliate, and for that reason does not come within the scope of section 402 of the Department of Banking Code.

Every institution under your supervision, which is a member of the Federal Reserve System, in computing its loans to a corporation must include therein loans to subsidiaries in which such corporation owns or controls a majority interest. The total of the loans to such corporation as so computed must not exceed 10 percent of the combined capital and surplus of the institution.

You may not require an institution which is not a member of the Federal Reserve System, in computing its loans to a corporation not affiliated with it, to include therein those it makes to any subsidiary of such corporation, except insofar as such loans are "made for the benefit of the corporation." The limit of a loan by a nonmember institution to any corporation not affiliated with it remains at 25 percent of the combined unimpaired capital and surplus of the institution.

VI. May you require an institution to obtain from its affiliates reports of condition and impose a penalty for noncompliance with such requirement?

Section 27 of the Federal Banking Act of 1933 authorizes the Comptroller of the Currency to require a National bank to obtain from any affiliate or holding company affiliate not less than three reports of condition during each year and to furnish such reports to the comptroller. For failure to do so, the National bank shall be subject to a penalty of $100 for each day that any such failure shall continue.

Under section 402 of the Banking Code, you have the same power with respect to affiliates of institutions under your supervision as Federal authorities have over affiliates of National banks.

In our opinion, therefore, you may issue a regulation requiring any institution under your supervision to obtain from each of its affiliates and holding company affiliates reports in such form as you shall prescribe. An institution failing to comply with your request is not subject to the penalty imposed by the Federal Banking Act of 1933. For its failure to comply with an order issued by you pursuant to the provisions of section 27, you may proceed against it under the provisions of article 5 of the Department of Banking Code.

VII. May you require affiliates of State institutions to submit to an examination?

Section 28 of the Federal Banking Act of 1933 authorizes the Comptroller of the Currency to examine the affairs of any affiliate of a National bank.

In our opinion, under section 402 of the Department of Banking Code, you clearly have the same power with respect to an affiliate of an institution under your supervision and may issue regulations requiring such an affiliate to submit to examination by your department.

VIII. What procedure should you follow when an institution fails to comply with an order issued by your department?

Section 501 of the Department of Banking Code provides that when an insti-

tution violates any provision of its charter or of any law of the Commonwealth the department may by written order direct it to discontinue such violation.

In the event that any written order issued by you pursuant to this section is not promptly complied with, you should proceed under section 502 of the code. This provides that through the Department of Justice you may petition the Court of Common Pleas of Dauphin County, or of the county where the institution has its principal place of business, for an order directing compliance with your order. Such a petition must be granted by the court, following proof at a hearing that the department's order was lawfully issued.

Furthermore, section 503 (b) of the code provides for the institution of quo warranto or injunction proceedings by the Department of Justice following hearing, when an institution violates provisions of its articles of incorporation or of an order lawfully issued by your department.

In addition to the remedy of quo warranto given by the code, section 504 provides that the department may take possession of an institution, upon approval of the Department of Justice following hearing, if the institution has violated provisions of its charter, of any order of the court issued upon application of the Department of Banking, or of any law of the Commonwealth regulating its business.

*Summary.*

To summarize, we therefore advise:

I. The definitions of "affiliate" and "holding company affiliate" used in the Federal Banking Act of 1933 become the definitions of affiliates for the purposes of section 402 of the Department of Banking Code and section 2 of the Banking Code, and are read into those codes wherever reference therein is made to affiliated corporations or persons.

II. The limitations on loans to affiliates imposed by the Federal Banking Act of 1933 supersede absolutely limitations imposed by the Banking Code with respect to institutions under your supervision, which are members of the Federal Reserve System. As to nonmember institutions, you may promulgate by order the provisions of the Federal act so far as relations directly between the nonmember banks and their affiliates are concerned.

III. A holding company affiliate may not vote shares of stock of an institution under your supervision without agreeing, if it is an affiliate of a member of the Federal Reserve System, to be examined as provided by the Federal Banking Act of 1933, and, if it is affiliated with a nonmember institution, to be examined in the same manner by the Department of Banking. If any affiliate of a nonmember bank fails so to agree or violates the terms of its agreement, you may proceed against it in the manner provided in the Department of Banking Code for violations of any valid order of your department.

IV. The penalties prescribed by the Federal Banking Act of 1933 upon institutions failing to divorce securities affiliates may be imposed only by the Federal authorities upon institutions under your supervision which are members of the Federal Reserve System. If a nonmember institution violates your order to divorce from it an affiliate engaged in the securities business, you may proceed against such institution only for violation of the department's order.

V. You may require an institution under your supervision in computing loans to a corporation to include therein obligations of subsidiaries thereof only if such institution is a member of the Federal Reserve System.

VI. You may require an institution to obtain from its affiliates reports of condition and, for its failure to do so, you may proceed against it for violation of your order, as provided in the Department of Banking Code.

VII. You may require affiliates of institutions to submit to examination by your department.

VIII. Where an institution fails to comply with an order issued by your department, you may through the Department of Justice petition the court for an order directing the institution to obey the order of your department, or you may notify the Department of Justice, which may institute quo warranto proceedings. For violation of a court order, you may take possession of the institution with the consent of the Department of Justice following a hearing before that department.　　　　　　　　　　From C. P. Addams, Harrisburg, Pa.